UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


| | |
|---|---|
| ANDREW SOIMIS ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 2:14-0008 |
| ] | Judge Sharp |
| JERRY LESTER ] | |
|     Respondent. ] | |

### **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jerry Lester, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On May 17, 2005, a jury in Putnam County found the petitioner guilty of second degree murder. Docket Entry No.14-1 at pgs.72-74. For this crime, he received a sentence of twenty three (23) years in prison. *Id.* at pg.75.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No.14-9. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.1 at pg.2.

In February, 2008, the petitioner filed a *pro se* petition for

1

post-conviction relief in the Criminal Court of Putnam County. Docket Entry No.14-11 at pgs.4-16. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the post-conviction petition. *Id.* at pg.44.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.14-15. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. Docket Entry No.1 at pg.2.

## II. Procedural History

On January 9, 2014, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] The petition contains five claims for relief. These claims include

1) the evidence was not sufficient to support a finding of guilt;

2) the petitioner was denied the effective assistance of counsel due to his attorney's failure to
   a) call Steve Flanigan and Wayne Garrett to testify;
   b) properly cross examine Steven Hollars;
   c) "properly investigate the law concerning accomplice testimony"; and
   d) request a jury instruction for accomplice testimony.

---

[1] The petition was stamped by the Clerk's Office as received on January 29, 2014. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner avers that his petition was given to prison officials for posting on January 9, 2014. *See* Docket Entry No.1 at pg.17.

2

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.9) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court are respondent's Motion to Dismiss (Docket Entry No.12), to which the petitioner has offered a Reply (Docket Entry No.15). Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In the Motion to Dismiss, the respondent asserts that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus

3

relief. 28 U.S.C. § 2244(d)(1)(A).[2]

The petitioner was found guilty on May 17, 2005. Docket Entry No.14-1 at pgs.72-74. The direct appeal of petitioner's conviction was concluded on June 18, 2007, the date that the Tennessee Supreme Court denied his application for additional review for the first time. Docket Entry No.1 at pg.2.

The time for seeking direct review, however, has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. <u>Isham v. Randle</u>, 226 F.3d 691, 695 (6th Cir. 2000). As a consequence, the petitioner's conviction became final for timeliness purposes ninety days later, or on September 16, 2007.[3] Accordingly, the petitioner had one year from this date, or until September 16, 2008, in which to initiate the instant action.

After one hundred sixty five (165) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief.[4] The filing of that petition had the effect of tolling the

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[3] The ninety days are computed as follows : 12 days (6/19 - 6/30) + 31 days (7/1 - 7/31) + 31 days (8/1 - 8/31) + 16 days (9/1 - 9/16) = 90 days.

[4] The post-conviction petition was filed on February 28, 2008. The 165 days are calculated as follows : 14 days (9/17 - 9/30) + 31 days (10/1 - 10/31) + 30 days (11/1 - 11/30) + 31 days (12/1 - 12/31) + 31 days (1/1 - 1/31) + 28 days (2/1 - 2/28) =

4

one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On October 19, 2011, the Tennessee Supreme Court rejected the petitioner's application for further review of his post-conviction petition, Docket Entry No.1 at pg.2, thus concluding the petitioner's state post-conviction proceedings. When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. <u>DiCenzi v. Rose</u>, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended one hundred sixty five (165) days of the limitation period, the petitioner was left with two hundred days (365-165=200), or until May 7, 2012, in which to initiate the instant action.[5]

The habeas corpus petition (Docket Entry No.1) initiating this action was filed on January 9, 2014, more than twenty (20) months after the limitation period had expired. As a consequence, this action is untimely.[6]

---

165 days.

[5] The 200 days are computed as follows : 11 days (10/20 - 10/30) + 30 days (11/1 - 11/30) + 31 days (12/1 - 12/31/11) + 31 days (1/1 - 1/31) + 29 days (2/1 - 2/29; 2012 was a *leap year*) + 31 days (3/1 - 3/31) + 30 days (4/1 - 4/30) + 7 days (5/1 - 5/7) = 200 days.

[6] In his petition, the petitioner acknowledges that the petition is untimely. *See* Docket Entry No.1 at pg.12.

## IV. Equitable Tolling of the Limitation Period

Nevertheless, the limitation period does not act as a jurisdictional bar. Holland v. Florida, 560 U.S. 631, 649 (2010). Consequently, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In this regard, the petitioner alleges that he was unable to timely file his habeas petition because he did not learn about the conclusion of his post-conviction proceedings in the state courts until April 10, 2013. Docket Entry No.1 at pg.16.

Even if this was the case, that circumstance would not entitle the petitioner to an equitable tolling of the limitation period. In his Reply to the Motion to Dismiss, the petitioner "reiterates that he was not ignorant of the law as to when the limitations period began and ended as to filing of his habeas petition". Docket Entry

6

No.15 at pg.1. Thus, the petitioner, by his own words, was aware that he had two hundred (200) days from the date he learned that his post-conviction proceedings had concluded, in which to initiate the instant action. Therefore, he would have been aware that the limitation period expired no later than October 27, 2013, well before this action was filed by the petitioner.[7]

The petitioner also contends that equitable tolling would be appropriate because he is actually innocent of the charge.

The Supreme Court has held that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the untimeliness of the habeas corpus petition. McQuiggin v. Perkins, 133 S.Ct. 1924, 1932 (2013). To invoke actual innocence as an exception to the limitation period, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* at pg.1935. He does this by supporting "his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

The petitioner argues that the new evidence demonstrating his

---

[7] The two hundred days are calculated as follows : 20 days (4/11 - 4/30) + 31 days (5/1 - 5/31) + 30 Days (6/1 - 6/30) + 31 days (7/1 - 7/31) + 31 days (8/1 - 8/31) + 30 days (9/1 - 9/30) + 27 days (10/1 - 10/27/13) = 200 days.

7

innocence is the testimony of Steve Flanigan and Wayne Garrett, who would have told the jury that the state's witness, Steve Hollars, had a violent temper and had on one occasion pointed a gun at Flanigan. Docket Entry No.1 at pgs.13-15.

On direct appeal, the Tennessee Court of Criminal Appeals concluded that the evidence was sufficient to support petitioner's conviction for second degree murder. Docket Entry No.14-9. Neither Steve Flanigan nor Wayne Garrett were called as witnesses for the petitioner at his post-conviction evidentiary hearing. *See* Docket Entry No.14-12. Consequently, the Court can only speculate as to what credible testimony, if any, they could have provided at trial. At the post-conviction evidentiary hearing, the petitioner was asked to identify what information that these witnesses could have provided that would have made a difference. He responded :

> Q   So you don't know the result of
>     whether they were interviewed,
>     whether they could have anything
>     to help you with the case, whether - -
>
> A   No.

Docket Entry No.14-12 at pg.15.

It does not appear, therefore, from a review of petitioner's "newly discovered evidence", that he has made the requisite showing of actual innocence. Accordingly, the Court finds that the limitation period was not equitably tolled so as to allow the untimely filing of this action.

An appropriate order of dismissal will be entered. Rule 8(a),

Rules - - - § 2254 Cases.

_____
Kevin H. Sharp
United States District Judge